IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA
Plaintiff
v.

Timothy Daniel Abbott
Defendant

No. 4:20-mj-00068-SAO

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A WARRANT TO SEARCH AND SEIZE

I, Baron H. Lambert, being duly sworn, state the following:

### BACKGROUND AND EXPERIENCE OF AFFIANT

1. I make this affidavit in support of an application for a search warrant under Rule 41 of the Federal Rules of Criminal Procedure, and 49 U.S.C. § 46306(b)(4) (registration violations involving aircraft not providing air transportation), pertaining to the contents of the email account tcalaska@gmail.com from June 1, 2019 to April 30, 2020. The Alaska State Troopers (AST) previously applied for and was granted a state search warrant specifically for communications between tcalaska@gmail.com and dlmillerage62@gmail.com. In response, Google Inc. provided the entire contents for the Gmail account tcalaska@gmail.com. This data was entered into AST evidence as P20026162. AST referred their case to the FBI for violations of federal law and released all evidence to your affiant. P20026162 is currently stored in the Anchorage FBI Evidence Control Center.

2. I have probable cause to believe that evidence of violations of 49 U.S.C. §

46306(b)(4) involving aircraft registration, or to attempt to conspire to do so, is located in the Gmail account of user tcalaska@gmail.com which is further described below. I have reason to believe that communications and other materials in the online workspace that are the subject of this application will have stored information and communications that are relevant to this investigation. As outlined below, and based upon my training and experience, there is probable cause to believe that evidence of a crime, contraband, fruits of crime, or other illegally possessed, or property designated for use, intended for use, or used in committing the aforementioned crimes are located within the contents of the Gmail user account tcalaska@gmail.com. Attachments A and B, incorporated herein by reference, specifically identify the place, information and records to be searched and seized.

3.     I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI") and have been so employed since March 6, 2005. Since October 2011, I have been assigned to the Anchorage Field Office, Fairbanks Resident Agency. I investigate violations of federal law in the State of Alaska, as well as other violations of law. I previously served as an Officer in the United States Army. I have training and experience in the enforcement of the laws of the United States, including the preparation and presentation of search warrant affidavits and in conducting searches pursuant to judicially authorized search warrants. I am an investigative law enforcement officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18 of the United States Code. I graduated from the FBI Academy in Quantico, Virginia and have received basic, advanced, and on-the-job training in the

investigation of criminal violations of federal law.

4. I make this affidavit based upon personal knowledge derived from my participation in this investigation, upon my training and experience as an FBI Agent, and upon information I believe to be reliable from sources including, among others, the following: oral and written reports; law enforcement reports and public records; interviews with witnesses; and conversations with other law enforcement officers.

5. This affidavit is submitted in support of a search warrant; it does not set forth each and every fact known to me or the other investigators about this investigation. Rather, this affidavit sets forth only those facts necessary to establish the requisite foundation for the requested warrant.

6. The relevant statutory authority and terms used in this affidavit and its attachments are described and defined below.

## RELEVANT STATUTE

7. This search warrant is being requested to obtain evidence, contraband, fruits, and instrumentalities of violations of:

### Registration Violations Involving Aircraft Not Providing Air Transportation

8. 49 U.S.C. § 46306 (b)(4) provide that any person shall be fined under title 18, imprisoned for not more than 3 years, or both, if the person obtains a certificate authorized to be issued under this part by knowingly and willfully falsifying or concealing a material fact, making a false, fictitious, or fraudulent statement, or making or using a false document knowing it contains a false, fictitious, or fraudulent statement or entry.

## FACTS OF THE INVESTIGATION

10. In October 2019, TIMOTHY DANIEL ABBOTT (ABBOTT), DOB 10/15/1981, convinced David Lowell Miller (Miller), DOB 06/15/1949 to sell a Kitfox Series 5 plane with tail number N569AK parked at the Clear Airport, Alaska, to him for $1. Abbott knew that Miller was not the current owner of the aircraft at the time of this transaction but was a previous registered owner. ABBOTT is employed as an Alaska State Trooper assigned to the Wildlife Division.

11. On 10/29/2019, ABBOTT and Miller completed a Federal Aviation Administration (FAA) Form 8050-2 (Aircraft Bill of Sale) and a separate purchase agreement, where Miller hand wrote that he sold the aircraft 15 years ago and has had no information regarding it since that sale. ABBOTT then filed an FAA Form 8050-1 (Aircraft Registration Application) and the FAA Form 8050-2 with FAA that did not include the original purchase agreement with Miller's handwritten remarks.

12. Sometime after receiving the 10/29/2019 signed bill of sale from Miller, ABBOTT removed the plane from the Clear Airport, and transported it to North Pole, Alaska.

13. The FAA initially denied ABBOTT'S paperwork because it did not contain original ink signatures. The FAA mailed ABBOTT a letter dated 01/06/2020 requesting the correction to the original bill of sale. After receiving the FAA letter, ABBOTT traveled to Miller's home in Big Lake, Alaska, and obtained original signatures for the FAA paperwork. The FAA then accepted the original signature paperwork date stamped 02/04/2020 and registered the plane to ABBOTT on 03/09/2020 with a new tail number N114GK.

14. On 03/17/2020, James Peet (Peet), DOB 10/04/1944, reported that his airplane was stolen from the Clear Airport sometime after October 2019, which was the last time he saw it in person. Peet reported that his aircraft was a Kitfox Series 5 tail number N569AK.

15. On 03/17/2020, AST released a public statement regarding the stolen airplane requesting anyone with information contact AST.

16. On 03/19/2020, ABBOTT contacted Trooper Hessler, the Trooper assigned to investigate the theft, after learning that the aircraft was reported stolen. ABBOTT was interviewed by other Troopers and expressed his desire to work this out between the other people involved.

17. AST continued their investigation and learned that ABBOTT and Miller only met in person one time, when they signed the FAA paperwork in ink. All other contact was done via phone and email.

18. On 05/07/2020, AST applied for and was granted a state search warrant (4FA-20-0080SW) for email communications between tcalaska@gmail.com and dlmillerage62@gmail.com. The data produced by Google, Inc. was saved and submitted as AST evidence property P20026162.

19. On 05/19/2020, while the AST investigation was ongoing, ABBOTT returned the aircraft to the Clear Airfield.

20. In July 2019, AST referred this case to the FBI for any violation of federal law and furnished a copy of their report.

## Brief Review of AST Incident Report

21. Trooper Miner reviewed the data from the email search warrant and produced a supplemental report. In the process of searching and reviewing the email communications between ABBOTT and Miller, Trooper Miner documented some of the contents of tcalaska@gmail.com emails that were not solely between tcalaska@gmail.com and dlmillerage62@gmail.com but were relevant to the airplane in question. Trooper Miner observed multiple emails labeled as from tcalaska@gmail.com with the subject line of "Airplane research 596AK." However, there was not a recipient in the "To" column. Trooper Miner documented in his supplemental report that these emails appear to him to be "Drafts" that were never sent but are still stored in the tcalaska@gmail.com Gmail account.

## CONCLUSION

22. Based on the fact that AST applied for and was granted a state search warrant for email communications between tcalaska@gmail.com and dlmillerage62@gmail.com, Google, Inc. produced the entire contents of the Gmail account of tcalaska@gmail.com, and that Trooper Miner observed and documented content relevant to the research of airplane N596AK, but not between the two accounts, and other above information, your Affiant respectfully submits that this affidavit supports probable cause for a warrant to search the entire contents of the Gmail account tcalaska@gmail.com described in

Attachment A and to seize the items described in Attachment B which are instrumentalities, fruits, contraband, and evidence of violations of 49 U.S.C. § 46306.

Respectfully submitted,

Baron H. Lambert
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on September 17, 2020:

HONORABLE SCOTT A. ORAVEC
UNITED STATES MAGISTRATE JUDGE

